**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**


**JEFFREY MATTHEW WILLIAMS,**

        **Plaintiff,**

**vs.**                                **5:06CV256-RS/AK**

**CORY AITTAMA, et al,**

        **Defendants .**

_____/


## REPORT AND RECOMMENDATION

Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 alleging in an amended complaint that Defendant Aittama, a police officer, and 10 other law enforcement officers arrested him on June 27, 2005, and stripped him naked in front of the public and used a metal brush to "decontaminate" him. He seeks damages for cruel and unusual punishment and denial of due process.

By previous Order, Plaintiff was directed to explain the circumstances of his present incarceration and advised that he was precluded from a claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated under Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). Plaintiff has not addressed this issue at all in the amended complaint (doc. 9) or otherwise explained whether he is presently incarcerated on the sentence and conviction resulting from this arrest.

Further, Plaintiff has alleged no injury resulting from this incident. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). If there is no physical injury alleged, then mental or emotional monetary damages, as well as punitive damages, cannot be recovered. Harris v. Garner, 216 F.3d 970 (11th Cir. 2000)[1], *reinstating in part* 190 F.3d 1279 (11th Cir. 1999) and Osterback v. Ingram, et al., No. 00-10558, 263 F.3d 169 (11th Cir. 2001) (Table). 215 F.3d at 1230. Only nominal damages could be recovered. Slicker v. Jackson, 215 F.3d at 1231, *citing* Carey v. Piphus, 435 U.S. 247, 266, 98 S.Ct. at 1054.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 9, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Gainesville, Florida, this *14th* day of May, 2007.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Harris v. Garner, 190 F.3d 1279 (11th Cir. 1999) was vacated by 197 F.3d 1059, and the Opinion Reinstated in Part on Rehearing by 216 F.3d 970 (11th Cir. 2000), *cert. denied* 121 S. Ct. 2214 (2001). The parts of the panel opinion relevant to this legal issue were reinstated.

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.